\*\* INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY \*\*

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| April 18, 2020 at 10:45:06 PM EDT | BOP Inmate | 41 | 1 | Received |

Case 1:14-cr-00170-CBA   Document 35   Filed 04/20/20   Page 1 of 1 PageID #: 116

04/18/2020 21:44     BOP Inmate    917-727-9194     P 1

---

**EMERGENCY MOTION \* \* \* THREAT OF COVID-19 \* \* \* SENTENCE MODIFICATION \* \* \* EMERGENCY MOTION**

---

APRIL 18, 2020

THE HONORABLE CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

         Re: United States v. Colin Harper, Docket No. 14-CR-170 (CBA)

Dear Judge Amon:

     Defendant respectfully submits this emergency letter-motion for an order modifying the 10 year term of imprisonment imposed in this case, by reducing same to time-served, under 18 U.S.C. 3582(c)(1)(A), upon the existence of extraordinary and compelling reasons (i.e., the threat of death/serious bodily injury from the novel coronavirus). For the reasons that follow, this motion should be granted.

     Defendant is serving a 10 year term imposed upon a plea of guilty to conspiracy to distribute heroin, in violation of 21 U.S.C. 846, at the Fort Dix Camp, a hanger with several hundred inmates in an open-air dormitory setting. Several inmates have recently tested positive for the virus, and a number of other inmates have fallen ill in recent days. All inmates currently confined to the Fort Dix Camp are at risk of contracting the virus. That includes this Defendant, who is at risk for both contracting the virus and perishing from it.

     Defendant has requested that the BOP release him due to the spread of the virus, and the substantial likelihood that he will contract the virus and die from it. BOP staff have declined to release him, since the criteria for release does not permit for his release, despite the existence of extraordinary and compelling reasons. Although Defendant has been denied release, and thereby exhausted his administrative remedies, exhaustion is not required where the agency has already determined the issue (i.e., ineligibility of certain inmates -- including Defendant). See, e.g., Washington v. Barr, 925 F.3d 109, 118 (2d Cir. 2019)(holding that exhaustion is not required where the agency has already made a determination the an individual is not entitled to relief).

     In view of the foregoing, Defendant respectfully requests that the Court will appoint counsel and promptly modify the term of imprisonment imposed in this case. Clearly, the Court (when it imposed the sentence) did not intend for the term to be a life or death sentence. A decision not to grant the relief sought here will convert the definite term of imprisonment into just that -- a life and/or death sentence.

     WHEREFORE, Defendant prays that this Court will grant this motion forthwith, in the interest of justice, and to preserve life.

Respectfully submitted,

/s/ Colin Harper

_____
COLIN HARPER
FORT DIX CAMP
P.O. BOX 2000
JOINT BASE MDL, NEW JERSEY 08640


cc: U.S. Attorneys Office (EDNY)